MATTHEW McCARTNEY vs. HENRY H. BETTS.

The *original* affidavit accompanying a plea must be served, a *copy* served is not a compliance with the rule.

*Motion by defendant to set aside default, &c., with costs.*—Action, assumpsit, declaration contains a count for goods, wares, &c., sold and delivered and the usual money counts; venue laid in Livingston county; declaration served on defendant 21st November last. On the 11th December last a plea and affidavit were drawn and sworn to by defendant, and *copies* were served on the clerk at Albany, (defendant's attorney residing at Troy), for plaintiff's attorney residing in Livingston county. Plaintiff's attorney had entered default and judgment, before receiving the copy plea and affidavit. On their receipt, (the 19th December, 1844), he immediately wrote defendant's attorney, and closed the copy plea and affidavit, with objections to the affidavit, stating that the rule

required the *original* affidavit to be served, &c., and offered to open default on conditions, one of which was that judgment should stand as security, to which defendant's attorney refused to accede and insisted he was regular. It is not questioned that this was a case in which the plea should be sworn to under the rule.

A. K. HADLEY, *Defts Counsel.*          A. K. HADLEY, *Defts Atty.*

P. GANSEVOORT, *Plffs Counsel.*          S. HUBBARD, *Plffs Atty.*

BEARDSLEY, Justice.—If service of *copy* affidavit was not sufficient, then the default was regular, and defendant must be let in on terms, the judgment standing as security. The original affidavit should have been served, a copy was not a compliance with the rule (22 *Wend.*, 644, *note*; *Laws* 1840, *p.* 333, §7 ; 25 *Wend.*, 699). On payment of the costs of entering the default and all subsequent proceedings, including the costs of opposing this motion, the defendant may be let in to plead, the judgment standing as security.

Rule accordingly.